IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSE BACA,

    Plaintiff,

vs.                                                       No.Civ. 97-1270 LH/WWD

WAL-MART STORES, INC.

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon plaintiff's Motion for Sanctions [15-1] and to Compel Answers and Responses to the First Set of Interrogatories and Requests for Production, filed April 28, 1998 [15-2]. This is a slip-and-fall lawsuit. The incident occurred at a Wal-Mart store which was, according to the defendant, leased several years ago and is no longer in operation. Plaintiff contends that Wal-Mart has failed and refused to answer completely the following: Interrogatories Nos. 1, 2, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15[1] and Requests for Production Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14.

**Motion to Compel**

Defendant is not required to identify other individuals other than the one already named in *Interrogatory No. 1*. The request is for persons "in charge" of the Snack Bar on the day of the incident, and not other individuals who are merely employed, as plaintiff argues. If plaintiff wanted Wal-Mart to identify all individuals who were employed at the Snack Bar, she should have asked for that information. However, defendant shall provide plaintiff with the information about

---

[1] Defendant includes Interrogatory No. 5 in its response, but I do not include it in this Order because it was not raised by plaintiff in her brief.

this individual (address, phone number, etc.) as described in plaintiff's instructions.  See Pltff's Ex. 3 at 3.  For *Request No. 1*, defendant states that it no longer has maps or blueprints of the store which was leased over four years ago.  Defendant need not answer this further except to identify, if known, the individual who would have this information.

Defendant shall answer *Interrogatory No.4* and *Request No. 4* regarding identification of rules, regulations or procedures regarding the carrying of food or beverages onto the floor's shopping area.  Wal-Mart does not need to respond further to *Interrogatory No. 10* and *Request No. 10*, which asks for warranties and specifications about the floor and corresponding documents, except to identify who has this information, if known.

However, Wal-Mart's response to *Interrogatory No. 9*, which also seeks information about the floor's manufacturer, is evasive.  Wal-Mart states that it no longer has this information, but in its alternative objections, implies that it may be obtainable.  Because defendant has not provided any support for its bare objections, see Continental Illinois Nat. Bank & Trust v. Caton, 136 F.R.D. 682, 685 (D.Kan.1991), defendant shall either provide the requested information for both *Interrogatory No. 9* and *Request No. 9* or else clearly state that it does not have this information.

*Request No. 5* [2] asks for documentation of efforts Wal-Mart made to ensure that no food or beverages were taken onto the floor.  Wal-Mart has already answered that it has none, although promising to attempt to locate and supplement.  Defendant shall notify plaintiff of what inquiries it has made to supplement this request since it first responded.  For *Request No. 11*,

---

[2]  The request supposedly complements Interrogatory No. 5 which plaintiff describes in her brief, but which is missing from Ex. 1.

asking for statements taken from persons about the underlying incident, Wal-Mart shall produce a privilege log for those documents for which it claims protection under attorney-client privilege and work product.  See Fed.R.Civ.P.26(b)(5).

Wal-Mart's objections to *Request No. 2* which asks for all receipts for sales of food over a seven-year period, are well-taken.  I am limiting the request to the years 1993 and 1994 (the year before and the year in question).  Defendant shall provide information responsive to No. 2 to plaintiff unless, as it alternatively states, it possesses no such documentation.  Although *Request No.2* may be relevant to volume of food and beverages sold at the store, *Request No. 3* is several times removed from relevance to these issues.  Therefore, defendant need not answer *Request No. 3* further.

*Interrogatory No. 6* and *Request No. 6* seek information and documents pertaining to other slip-and-fall incidents for a period of five years before the time the underlying incident occurred.  The test for relevancy in federal court is a liberal one.  See Snowden et al, v. Connaught Lab., Inc., 137 F.R.D.325, 329 (D.Kan. 1991) (request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action).

The information responsive to No. 6 may be relevant to Wal-Mart's knowledge of a condition it knew to be dangerous.  See Ruiz v. Southern Pacific Transportation Co., 97 N.M. 194, 202 (Ct.App. 1981) (answers to interrogatories could develop information about defendant's notice and knowledge of dangerous condition); cmp.Woods-Leber v. Hyatt Hotels of Puerto Rico, Inc., 951 F.Supp. 1028, 1038 & n.6 (D.P.R. 1996) (similar incidents demonstrating foreseeability where owner of a business knew or should have known of the dangerous condition

(citing Mas v. United States, 984 F.2d 527, 529 (1st Cir.1993)); see also N.M. UJI 13-1318. Even though defendant has not gone into great detail to explain why the request is burdensome as to time and resources, I will limit the time period for *Request No.6* and *Interrogatory No. 6* to the years 1992 through 1994 on relevance grounds.

Wal-Mart need not answer either *Interrogatory No. 7* or *Request No. 7*. I agree with defendant that these are vague, possibly because they are poorly drafted, and possibly because plaintiff herself is not sure of what she seeks. One interpretation of the request is that plaintiff is searching for some connection between other slip-and-falls which occurred in the store and food spills from the snack bar. If this is the case, plaintiff should be able to glean this information from the responses defendant will provide for No. 6. Defendant is certainly under no obligation to build plaintiff's case for her.

*Interrogatory No. 12* asks for identification of "all persons within the store at the time of the slip and fall. . . ." I agree with defendant that the request is overly broad. On the other hand, a simple phone call and short discussion made pursuant to the good faith conferral requirement in Fed.R.Civ.P. 37(a) might have cleared up the confusion, since "persons" would obviously include the subcategory of employees, which Wal-Mart *is* in a position to provide. I will defer ruling on this request and present counsel with an opportunity to communicate, relying on plaintiff's counsel's ability to narrow the request to something less absurd, and defense counsel's ability to conduct the discovery process in good faith.

According to plaintiff, defendant has not responded to *Interrogatory No. 13* even after discussing the request which defendant claimed was vague and ambiguous, and clarifying that

plaintiff was asking for video cameras, tapes and videos related to security. Wal-Mart shall answer this interrogatory as well as the accompanying *Request No. 12.*.

For *Interrogatories Nos. 8 and 15,*[3] and *Request No. 8*, defendant responded that it was willing to provide plaintiff with policies and procedures concerning floor safety in its stores if plaintiff agreed to a protective order wherein the use of such information be limited to this lawsuit and returned to Wal-Mart afterward. It seems that plaintiff has signed one in the interim,[4] but plaintiff now argues that the information does not qualify for Rule 26(c) protection.

I find that it does. Wal-Mart stated in its response to the request that the information was on "optically encrypted discs accessible on a particular computer system within the store." Pltff's Ex. 2 at 15. Wal-Mart also explains that because its policies and procedures are sold among plaintiffs, it finds itself in positions where it has to defend policies that are "old and inapplicable in particular lawsuits." Resp. at 8. This explanation is adequate to show that the material should be considered confidential and that disclosure will create a competitive disadvantage for defendant. Therefore, good cause exists to allow the protective order for the information in these particular discovery requests. Fed.R.Civ.P. 26(c); Pulsecard Inc. v. Discover Card Serv., Inc., 168 F.R.D. 295, 302 (D.Kan. 1996). Defendant shall produce the responsive information subject to the protective order agreed to by the parties, including *Request No. 13*, which asks for the production of material identified in the "first" Interrogatory No. 15. Wal-Mart, however, need not answer

---

[3] This is the "first" Interrogatory No. 15. For some reason, there is a "second" No. 15 (also part of Plaintiff's First Set of Interrogatories), which also asks about floor safety policies, but regarding "improvement" procedures. Mem. at 12, 13.

[4] Plaintiff states in her reply that "[a] signed protective order is here-enclosed." No copy is provided for the Court.

the "second" *Interrogatory No. 15*, nor produce material for the accompanying *Request No. 14*, as they are duplicative of other requests.

In her memorandum brief, plaintiff includes *Interrogatories 11* and *14* among those which defendant has failed to answer completely. Wal-Mart completely overlooks these two requests in its response. I view defendant's failure to respond in its brief as waiver and consent to grant plaintiff's motion. See D.N.M. LR-Civ. 7.3(a)(4), 7.5(b). Therefore, unless the reason for defendant's failure to address the requests is that the parties have since resolved the matter, in which case the waiver will be considered moot, defendant shall respond completely to these two interrogatories.

**Verification of Discovery Responses**

The matter of defendant's failure to verify discovery answers appears to be moot, since defendant has subsequently supplied plaintiff with the verification.[5] Reply at 5. Defendant states that it never refused to verify its discovery responses, but that it was trying to locate the Wal-Mart employee who had assisted in answering the discovery requests and who had been transferred. However, plaintiff continues to seek sanctions at this point based on the delay in obtaining the verification. Because of the circumstances surrounding the delay and the fact that I can see no resulting prejudice to plaintiff, I am denying sanctions on this basis.

**Request for Sanctions**

Plaintiff asks the Court to strike defendant's affirmative defenses and enter a judgment for plaintiff, or in the alternative, to award costs and attorney's fees, based on defendant's failure and

---

[5] Exhibit A to defendant's response contains the signature by the Wal-Mart employee, Frances Willie. I can only assume it was accompanied by an attorney's signature although this part was not submitted to the Court as part of the exhibit. See Rules 26(g)(2), 33(b)(2).

refusal to answer completely its discovery requests. Plaintiff's request is denied. I see neither outright refusal nor evasiveness which warrants imposition of sanctions at this point. Also, plaintiff is at least partly at fault for the delay in obtaining satisfactory responses, based on several vaguely drafted discovery requests as well as a hesitancy in agreeing to nondisclosure of certain documents Wal-Mart was willing to turn over.

**WHEREFORE**,

**IT IS ORDERED** that plaintiff's Motion for Sanctions [15-1] is denied;

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel Answers and Responses [15-2] is granted in part in that on or before May 22, 1998, defendant shall provide plaintiff with the information and material, including the privilege log, as delineated above;

**IT IS FURTHER ORDERED** that information and documents which defendant produces in response to Interrogatories Nos. 8 and No. 15 (the "first" No. 15), and Request for Production No. 8 pursuant to this Order shall be treated as confidential; the documents shall be marked "confidential," shall be used only for the purposes of this action, shall not be disclosed to third parties, shall remain in the sole control of counsel for defendant, and shall be returned to defendant within thirty days of settlement or final judgment of this action;

**IT IS FINALLY ORDERED** that each party shall bear its own costs and fees.

_____
UNITED STATES MAGISTRATE JUDGE